### JACKSON, *ex dem.* FISHER, *against* CREAL AND KELLOGG.

Where a person entered into, and improved, land, by the permission of a tenant in common of the land, and a partition was afterwards made in 1793. it was held that the person to whose share the land in question had fallen, could not maintain an action of ejectment for it, without tendering to the tenant the value of the improvements, both before, an; or all the time since the partition, after deducting for the use and occupation of the land.

A person who has entered by the permission of one tenant in common, cannot, a partition hav ing been made, set up an adverse title, in bar of an action of ejectment, by the tenant in common, to whose share the premises had fallen.

    THIS was an action of ejectment, for part of lot No. 2., in the seventeenth allotment of the *Kayaderosseras* patent. In a partition of the patent, lot No. 2. fell to the share of the lessors of the plaintiff, *Daniel Campbell* and *John Beekman*, who were seised thereof, as tenants in common, until the year 1793, when a partition was made, and that part of the lot No. 2., which included the premises in question, fell to the share of the lessor of the plaintiff.

    Previous to the above-mentioned partition, in 1786, *Daniel Campbell* gave one *Gilbert Weed* an instrument in writing in the following words: " Whereas Mr. *Gilbert Weed* has signed an agreement and obligation for 200 acres of land, where he is now improving, in the general lot No. 2., in the 17th allotment, I am willing he should settle on said land, and I promise to abide by said agreement. As witness my hand at *Schenectady*, the 31st day of *July* 1786. *Daniel Campbell.*" *Weed*, having before improved part of the land, entered by virtue of the said writing, and it was through him, by various mesne assignments of his right and possession, that the defendants derived their claim. The defendants never paid any rent. At the time *Weed* sold his possession there was some rent due, which he paid to *Campbell*, but the premises in question not falling to the share of *Campbell*, in the partition, he returned the money to *Weed*, according to an agreement between them, by which *Campbell* was not to give a lease to *Weed* of the premises, if, on the partition, they should not fall to the share of *Campbell*.

    The case was submitted without argument, and such judgment and rules to be entered as the court should think proper.

YATES, J., delivered the opinion of the court.

The 6th section of the act for the partition of lands, passed the 16th of *March*, 1785, (1 *Greenleaf's* edit. L. N. Y. 165.,) states, that in case, on the partition of any patent or tracts of land on which improvements have, theretofore, been made, by any owner or proprietor, or by any person or persons, by consent of any owner or owners, proprietor or proprietors of any such patents or tracts of land, the person or persons to whose share such parcels of improved land shall fall, upon partition of such patents or tracts of land, shall, before he or they be permitted to the possession of the same, pay the respective possessor or possessors thereof, the value of the improvements made thereon; and the manner of settling and ascertaining the value of such improvements by the commissioners for partition, at the instance of the proprietor, is specially pointed out; and the value being ascertained, as stated in the act, and the amount tendered to the possessor, the proprietor shall be entitled to the possession, to be delivered to him in virtue of a precept to be issued by the commissioners. On the 10th of *February*, 1790, an act passed amending this law, by which the above sixth section is extended to improvements made after the passing of the first-mentioned act; and by a subsequent statute, passed the 3d of *April*, 1792, (2 *Greenleaf's* edit. L. N. Y. 442.,) the last-mentioned act is further amended, and a judge of the court of common pleas is vested with the same powers, before given to the commissioners, as to ascertaining the value of the improvements; and the judge and jury are authorized and required, in every case, to ascertain and value the use and occupation of the premises so held, used, and occupied, and to deduct the amount of such valuation from the amount of the valued improvements.

The subdivision of lot No. 2., in which the premises in question are situated, took place in 1793, under the statutes above mentioned, when the premises fell to the share of the lessor of the plaintiff.

From the facts disclosed by the case, it is manifest that the purchasers under *Gilbert Weed*, according to the intent and meaning of the above statutes, and as claimed by the defendants, are entitled to compensation for the whole of their improvements, and were authorized to retain possession until such compensation, after deducting for use and occupation, had been tendered to them. They cannot, therefore, be now deprived of the pos-

ALBANY,
January, 1816.

JACKSON
v.
ELLIS.

session, without receiving remuneration, according to the rule prescribed, because it was the duty of the lessor of the plaintiff to have caused the valuation to have been made. and to have paid the amount. Having neglected to do so, and having allowed the subsequent improvements to be made, he ought not to be exonerated from paying the value of such as have been made, both before and since the partition of 1793, subject to the deduction before stated. This neglect, while it thus protects the defendants, cannot bar the recovery of the lessor altogether, notwithstanding the possession of twenty years since the partition; because *Weed,* under whom the defendants hold this possession, having originally entered under *Daniel Campbell,* a co-tenant with the lessor, it cannot be deemed adverse. Judgment must, therefore, be entered for the plaintiff, with stay of execution, until the defendants shall have been paid and satisfied for the value of all the improvements, after deducting the amount for the use and occupation.

Judgment for the plaintiff accordingly.